**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **MARK RYLAND DOWDY,** | **)** | **Civil Action No. 7:11-cv-00492** |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **MEMORANDUM OPINION** |
| | **)** | |
| **COMMONWEALTH OF** | **)** | |
| **VIRGINIA, et al.,** | **)** | **By: Hon. Michael F. Urbanski** |
| **Defendants.** | **)** | **United States District Judge** |

Mark Ryland Dowdy, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Commonwealth of Virginia; Cynthia L. McCoy, Clerk of the Court of Appeals of Virginia; and her subordinates Cheryl Brown, Dafney[1] Brown, A. John Vollino, and Justin Shelton (collectively, "the clerks"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice as frivolous.

I.

Plaintiff alleges the following facts in his complaint and its attachments. Following his criminal conviction in the Circuit Court of Albemarle County, plaintiff was at liberty on an appeal bond. One of the conditions imposed for the appeal bond was for plaintiff to maintain "good behavior." While on bond, plaintiff filed with the Court of Appeals of Virginia a motion for an extension of time to file his petition for appeal. The deadline for the petition for appeal was September 20, 2010, and plaintiff had not received a ruling on his motion by September 16, 2010.

[1] Plaintiff names her Dafney although the correct spelling is Daphne. (Vollino Aff. (no. 2 at 5) ¶ 2.)

To have his motion for an extension of time quickly adjudicated, plaintiff called the Clerk's Office for the Court of Appeals of Virginia and demanded to speak with a judge. The clerks did not permit plaintiff to speak with a judge but advised him he could file a written request for the judges' consideration. During their conversations, Daphne Brown, Cheryl Brown, A. John Vollino, and Justin Shelton intentionally terminated plaintiff's calls, allegedly because of the circular conversation and plaintiff's tone. Plaintiff called back each time and spoke with each of these clerks. During plaintiff's final call, Shelton discussed plaintiff's concerns about his motion and petition for appeal, and they ultimately resolved the issue amicably.

Soon thereafter, a representative of the Clerk's Office described the events to the Virginia Capitol Police, who cited plaintiff with a misdemeanor charge of using obscene language by telephone to harass, in violation of Virginia Code § 18.2-427. Vollino sent the Circuit Court of Augusta County his affidavit alleging that plaintiff spoke to Clerk's Office staff "in an intimidating, coercive, and harassing manner" with "vulgar, profane, and indecent language[.]" (Vollino Aff. ¶¶ 3, 5.)

On September 28, 2010, Judge Peatross of the Circuit Court of Albemarle County held a Show Cause hearing why plaintiff's appeal bond should not be revoked for violating the "good behavior" condition of bond. During testimony, plaintiff tried to impeach Daphne Brown's testimony with audio recordings of their phone conversation. After hearing the taped conversation, Daphne Brown seemed unsure of her earlier testimony that plaintiff used vulgar



Case 7:11-cv-00492-MFU-RSB Document 3 Filed 10/25/11 Page 2 of 8 Pageid#: 35

language.[2] However, Judge Peatross revoked plaintiff's appeal bond one week before his petition for appeal was due.

Plaintiff's bench trial for the misdemeanor charge occurred in the City of Richmond Circuit Court on February 9, 2011. Plaintiff proceeded pro se, and the Circuit Judge dismissed the case against him. The Circuit Judge determined, based on testimony from Cheryl Brown, that plaintiff used profanity at least three times during the multiple phone calls but that the profanity did not constitute the "obscene" language required by Virginia Code § 18.2-427.

Plaintiff alleges that Cheryl Brown, Daphne Brown, Vollino, and Shelton "used their status in the courts and power over the Circuit Court to force Judge Peatross" to revoke his appeal bond. (Compl. 5.) His inability to work on the petition for appeal caused the appeal of his criminal conviction to be dismissed. Thus, the clerks "are sabotaging [his] criminal and bond appeal. . . ." (Id. 7.) Plaintiff requests as relief $100,000 per day of incarceration, which he believes totals $36.5 million as of September 28, 2011.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se

[2] Plaintiff provided only part of the transcript of this proceeding. However plaintiff acknowledges that Cheryl Brown, Daphne Brown, Vollino, and Shelton all testified against him.

complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff seeks to recover more than $32 million from the Commonwealth of Virginia, Cyntha McCoy, and the clerks via 42 U.S.C. § 1983. The Eleventh Amendment bars suits in federal courts for money damages against an "unconsenting State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). This immunity extends to "arms of the State," Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacity, Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Virginia has not waived its sovereign immunity to § 1983 damages actions. Thus, plaintiff may not recover damages against the Commonwealth of Virginia, McCoy, and the clerks in their official capacities because the Eleventh Amendment bars claims for money damages against a Virginia official who is sued in an official capacity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

To determine whether the clerks are immune in their individual capacities, the court must examine "the nature of the function performed, not the identity of the actor who performed it."[3] Forrester v. White, 484 U.S. 219, 229 (1988). Liberally construing plaintiff's claims, the clerks

[3] Plaintiff does not specify whether he sues the clerks in official or individual capacities. The court considers both capacities because plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (describing liberal construction of pro se pleadings).

performed three different functions: as clerks of the Court of Appeals, complainants to institute criminal proceedings, and as lay witnesses. See Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 176 (4th Cir. 2009) (quotation omitted) (stating courts may consider the complaint and documents incorporated by reference). See also Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996) (stating sua sponte dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense); United States v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) ("In the event of conflict between the bare allegations of the complaint and any attached exhibit, the exhibit prevails." (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)). In all of these capacities, however, the clerks are immune for their actions related to plaintiff.

A judge is "absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id.

It is well-recognized that judicial immunity also applies to quasi-judicial officers and other public officials acting pursuant to a court directive. See Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969). The doctrine of absolute quasi-judicial immunity has been adopted and

made applicable to court support personnel such as clerks because of "the 'danger that disappointed litigants . . . will vent their wrath on clerks, court reporters, and other judicial adjuncts. . . .'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992). See McCray v. Maryland, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the court's direction). See also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995); Ashbrook v. Hoffman, 617 F.2d 474 (7th Cir. 1980) (collecting cases on immunity of court support personnel).

The clerks are entitled to absolute quasi-judicial immunity for handling plaintiff's phone calls. The judges of the Court of Appeals of Virginia undoubtedly vest the Clerk and her staff with daily administration of that court, including docketing pleadings and addressing calls from litigants. Plaintiff's dissatisfaction with how the clerks handled his demands to speak to a judge do not provide him means to extract $32 million from them.

At least one of the clerks caused plaintiff's prosecution by alleging that plaintiff's conduct on the phone violated Virginia law. Although a complaining witness does not have absolute immunity, a complaining witness is immune if he "procured the issuance of an arrest warrant by submitting a complaint" without malice and with probable cause. Malley v. Briggs, 475 U.S. 335, 340-41 (1986).

The statute under which the Commonwealth prosecuted plaintiff stated, "Any person who uses obscene, vulgar, profane, lewd, lascivious, or indecent language, or makes any suggestion or proposal of an obscene nature, or threatens any illegal or immoral act with the intent to coerce, intimidate, or harass any person, over any telephone or citizens band radio, in this Commonwealth, is guilty of a Class 1 misdemeanor." Va. Code § 18.2-427 (2010). The Circuit

Judge determined that plaintiff did use profane language during his phone calls, which is a factual predicate necessary for § 18.2-427. (Ver. Statement (no. 2) 23-25.) Thus, plaintiff fails to establish the lack of probable cause or maliciousness for the clerks to refer the alleged violation to police.

Besides being immune for instituting criminal proceedings, the clerks are also entitled to absolute immunity for testifying as lay witnesses. Briscoe v. Lahue, 460 U.S. 325, 329-30 (1983). "The common-law immunity that protected witnesses as well as other participants in the judicial process drew no distinction between public officials and private citizens. . . . Both types of witness took the stand and testified under oath in response to the questions of counsel. Both might be deterred by the prospect of subsequent, vexatious litigation." Id. at 336 n.15. "[I]t has been thought in the end better to leave unredressed the wrongs done by dishonest [witnesses] than to subject those who try to do their duty to the constant dread of retaliation." Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir 1949). Therefore, plaintiff may not bring an action for damages against the clerks for their adverse testimony in judicial proceedings.[4]

III.

For the foregoing reasons, the Commonwealth of Virginia, Cynthia McCoy, Cheryl Brown, Daphney Brown, A. John Vollino, and Justin Shelton are immune from plaintiff's request of damages, and plaintiff may not proceed against McCoy under respondeat superior. Accordingly, the court dismisses the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), because plaintiff pursues an indisputably meritless legal theory. See

[4] Plaintiff fails to allege any facts relevant to Cynthia McCoy, the Clerk of the Court of Appeals of Virginia. It is well settled plaintiff may not proceed against her via § 1983 under a theory of respondeat superior. Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).

McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: October 25, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge